Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSY ARAUJO, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| WORLD'S FOREMOST BANK, | |
| Defendant. | (Unlawful Debt Collections Practices) |

## COMPLAINT

SUSY ARAUJO ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against WORLD'S FOREMOST BANK ("Defendant"):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Kearny, New Jersey.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at One Cabela Drive, Sidney, Nebraska, 69160.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or before September 2014, and continuing through October 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Defendant relentlessly called Plaintiff on her cellular telephone.

15. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's automated messages identified its company name as the caller.

17. Defendant's telephone calls were not made for "emergency purposes."

18. In September 2014, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

19. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

20. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone for several months.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, after September 2014, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, SUSY ARAUJO, respectfully prays for judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SUSY ARAUJO, demands a jury trial in this case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: June 2, 2016                     By: /s/ Amy Lynn Bennecoff Ginsburg
                                        Amy Lynn Bennecoff Ginsburg, Esquire
                                        Kimmel & Silverman, P.C.
                                        1930 East Marlton Pike, Suite Q29
                                        Cherry Hill, NJ 08003
                                        Phone: (856) 429-8334
                                        Facsimile: (877) 788-2864
                                        Email: aginsburg@creditlaw.com